After the fire three gentlemen were selected by the persons who had sustained damages by it, to make an appraisement of the damages sustained. These appraisers were men of experience, and were thoroughly acquainted with wood-land and wood, and its value, They examined each particular parcel, and made an estimate of the damage to each, which was reduced to writing.· This statement showed the estimated damages in each case in detail.

These three persons were called as witnesses and were examined in relation to their estimate, and the principles upon which the same was made. The plaintiffs' counsel offered the paper in evidence in connection with the testimony of the witnesses, and the referee allowed the papers to go in with the understanding that the witness is to be considered as testifying in the case of every man whose name appears on that paper, in the same manner and to the same extent, as in regard to the three persons whom he has testified about. To this the defendant simply excepted, without stating any ground. This was simply another way of getting the testimony of these witnesses, and we think the testimony was competent. (*Robertson* v. *Knapp*, 35 N. Y., 91.)

The judgment must be affirmed, with costs."

*A. J. Vanderpoel* and *Robt. S. Green*, for the appellant. *J. Lawrence Smith*, for the respondents.

Opinion by DYKMAN, J.

Present — BARNARD, P. J., PRATT and DYKMAN, JJ.

Judgment affirmed, with costs.

---

JOSHUA HARRISON AND JAMES HARRISON, APPELLANTS, *v.* HENRY R. GLOVER AND OTHERS, RESPONDENTS.

*Contract — interpretation of — Price of goods in market — determined by offer — not alone by sale.*

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

The action was brought upon a contract under which the plaintiffs, who were manufacturers of blankets, had intrusted the same to the defendants for sale.

The action arose under a clause of the contract which provided that: "It is hereby agreed that the blankets shall not be sold for less than those made by Dodson & Schofield, of Philadelphia, at the proper time for selling them." The plaintiffs claimed that the blankets had been sold for less than the price at which the Philadelphia firm sold. The case has been already before the General Term, where it was held that the market-price might be proved as well by evidence of what they could be bought for, as by actual sales. (*Harrison* v. *Glover*, 11 S. C. R. [4 Hun], 121.)

The plaintiffs claimed that the defendants had sold the blankets at a less price than that at which they were authorized to sell them, and claimed to recover the difference, with interest.

Upon the second trial it appeared that, in the fall of 1870, Clafflin & Co. applied to one Wilson, the agent of the Philadelphia firm, to ascertain the price at which he would sell two or three hundred bales of blankets. Whereupon Wilson replied that he would sell them as low as any one; that Clafflin & Co. must not buy of the plaintiffs at thirty cents, as he would sell as low or less. Clafflin & Co. then applied to defendants, and told them that Wilson had offered the Philadelphia blankets at thirty cents; whereupon the defendants sold them at that price.

The referee found that the Philadelphia blankets were not actually sold as low as thirty cents during the season, but that the offer to sell at that price was actually made.

The court at General Term say: " We think this offer of the agent of Wilson to sell Dodson & Schofield blankets at thirty cents, or less, established the price as effectually as if the offer had been accepted and the blankets delivered under it. The market-price of the blankets was established by the announcement of the price the manufacturers would take for the article. The offer was real, and the defendants acted in good faith. If the offer was made merely as a device to fix a price for plaintiffs' goods, less than the price called for by the agent, it would establish nothing. The referee has not found that, and I do not see how he could under the evidence. The defendants were not benefited by the sale; they sold to entire strangers. Wilson does not really deny he made the offer ; Clafflin's agent says he did. The referee finds the offer and does not find bad faith.

I think the judgment should be affirmed, with costs."

*Walter C. Anthony,* for the appellants.   *Daniel T. Walden,* for the respondents.

Opinion by BARNARD, P. J.; PRATT, J., concurred.

Present — BARNARD, P. J., PRATT and DYKMAN, JJ.

Judgment affirmed, with costs.

---

WILLIAM A. GUEST, APPELLANT, *v.* THE CITY OF BROOK-
LYN AND DANIEL D. WHITNEY, As REGISTRAR OF ARREARS,
ETC., RESPONDENTS.

*Assessment — publication of notice in different editions of papers — Laches of owner
of property assessed.*

APPEAL from an order made at the Special Term sustaining a demurrer interposed by the defendant, and dismissing the plaintiff's complaint in an action to annul a sale for a city assessment.

The court at General Term say : " The general questions involved in this appeal were before this court at the General Term in May of this year, and were then examined, and we adhere to the opinion then delivered, and reported in the eighth volume of Hun's Reports, at page 97.

The allegation in the complaint, that certain notices were not properly published because they were published only in the earlier edition of the newspaper, does not make out a case of defective publication.

If none but the earlier editions of the paper had been published, then, of course, it would not be claimed that there was any defect in the publication ; and the fact that there were, or may have been, later daily editions of the newspapers cannot make any difference. If the assessments complained of should ever ripen into a title, the conveyance would only be evidence of the regularity of the proceedings had for the sale, and not of the assessment and other proceedings had before the right to sue attaches. (*Marsh* v. *City of Brooklyn,* 59 N. Y., 280.) This being so, it will be necessary for a claimant in proceedings to enforce this lien, or recover possession of the premises under any conveyance given in pursuance of or